**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 625-3893
Fax: (702) 625-3893
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| OGE BROWNE, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>JANUS GLOBAL OPERATIONS, L.L.C., a Foreign Limited Liability Company, DOES I -X; ROE CORPORATIONS I -X.<br><br>Defendant. | **CASE NO.:**<br><br>**COMPLAINT AND JURY DEMAND** |

   The Plaintiff Oge Browne ("**Mr. Browne**") by and through his attorneys, Jenny L. Foley, Ph.D., Esq. and Marta D. Kurshumova, Esq. of HKM Employment Attorneys LLP, hereby complains and alleges as follows:

### JURISDICTION

   1.    This is an action for damages brought by Plaintiff for unlawful workplace discrimination based on race, color, and/or national origin and for illegal retaliation under Title VII of the Civil Rights Act of 1964 ("**Title VII**"), 42 U.S.C. §2000e *et seq.*; the Americans with

Page **1** of **9**

Disabilities Act ("**ADA**"), U.S.C. § 12101, *et seq*; for violation of Nevada Revised Statute §613.330 *et seq.*; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2.      This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment).   Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. § 1367.

3.      All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada.  Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4.      On or about August 8, 2018, Plaintiff initiated the process of filing a Charge of Discrimination against his former employer, the Defendant named in this action with the United States Equal Employment Opportunity Commission ("**EEOC**") wherein he alleged discrimination based on disability and other.

5.      On or about June 24, 2019, Plaintiff received his Notice of Right to Sue from the EEOC.

6.      This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7.      Plaintiff has exhausted his administrative remedy on all claims pled hereunder prior to filing this action with this Court.

/ / /

/ / /

1

## GENERAL ALLEGATIONS

2

8.      Plaintiff incorporates all of the allegations in the preceding paragraphs as though

3

fully set forth herein.

4

9.      Plaintiff is a citizen of the State of Nevada and a resident of Clark County,

5

Nevada.

6

10.      Defendant Janus Global Operations, L.L.C.., Inc. ("**Defendant**," "**Janus**" or the

7

"**Company**") is a foreign corporation and an employer in the State of Nevada.

8

11.      At all times relevant to this matter, Defendant had over 50 employees, and is

9

therefore subject to the provisions of Title VII and the Americans with Disabilities Act.

10

### Janus' Employment Relationship with Plaintiff and Subsequent Injury

11

12.      Plaintiff, an African American male in his thirties, first began his employment

12

as a Security Officer Level One (1) with ASI Security.

13

13.      In or around October, 2017 Janus Global Operations assumed PAE's contract

14

from the military for site security at the various unknown military installations throughout

15

Nevada.

16

14.      At all relevant times herein, Janus is the applicable employer and the proper

17

subject to this suit.

18

15.      Plaintiff was qualified for the position:

19

a.  Prior to his employment with Defendant, Plaintiff was a Weapons Loader in the

20

United States Air Force;

21

b.  Plaintiff obtained the necessary clearances;

22

c.  Plaintiff was employed with Defendant for a total of eleven (11) years.

23

16.      From all accounts, he was a superlative employee and was, therefore, promoted

24

to Security Officer Level Four (4) in approximately 2012.

25

17.      On August 23, 2017, Plaintiff suffered a work-related injury while moving

26

heavy items off of an x-ray machine.

27

18.      After extensive medical tests, Plaintiff was diagnosed with adhesive capsulitis,

28

1    which greatly restricts motion, causes chronic pain and requires surgical intervention.

2                     **Plaintiff's Compliance with Janus' Medical Leave Requirements**

3              19.     Plaintiff followed protocol when reporting the injury and the required medical

4    procedures, as directed by his physicians, to Defendant and was placed on Workers'

5    Compensation Insurance in August, 2017 and on extended medical leave in November, 2017.

6              20.     Plaintiff routinely kept in contact with his supervisor, Lieutenant Vern Hall, as

7    to his medical condition.

8              21.     In his desire to abide by all employer guidelines and to maintain an effective and

9    positive relationship with Janus, Plaintiff even sought the medical expertise of a second physical

10   therapy office.

11             22.     During the initial doctor visits, Plaintiff's physician released him to work on

12   light duty but Janus did not have a light duty position, to accommodate his temporary disability.

13             23.     Plaintiff respectfully took the allotted time off to recover, while continuously

14   communicating with Janus to ensure it had all of the information they need and that he would

15   be on track to return to work following the completion of the necessary medical procedures.

16             24.     Shortly before Plaintiff had surgery on April 19, 2018, Plaintiff spoke with

17   Sergeant Berneker and Steve Votaw in person, and informed them that he would be having

18   surgery and would likely be out for some time thereafter for physical therapy and healing.

19             25.     In April, 2018, Janus yet again confirmed Plaintiff's good standing and intent to

20   reinstate him to the position of Security Officer Level Four (4) upon his return.

21                     **Janus's Unlawful Action Against its Protected Employee**

22             26.     On or about May 25, 2018 Hailey Fecher ("**Ms. Fecher**"), the Human Resources

23   Manager for Defendant, emailed Plaintiff requesting information pertaining to Plaintiff's

24   medical status and requesting updates from Plaintiff's physician regarding his anticipated return

25   to work.

26             27.     The email also discussed Plaintiff's FMLA leave. However, Plaintiff had never

27   been on FMLA leave because he sustained an on the job injury.

28

1   28.   The email further requested a response by June 9, 2018.

2   29.   On May 31, Janus further requested that Plaintiff contact the Company regarding

3   an administrative error in his pay because they did not have a valid phone number for him.

4   30.   Even though the requests specified a due date for receiving the medical

5   information (June 9, 2018), neither request stated or even remotely indicated that a delay would

6   result in immediate termination.

7   31.   Furthermore, at no time during Plaintiff's medical leave did Janus make any

8   indication that his absence posed a problem or that Janus would not reinstate Plaintiff.

9   32.   On or about June 1, 2018 Plaintiff received a phone call from his union

10  representative, directing him to call the Company as there was an issue with his pay.

11  33.   Plaintiff called the Company, discussed the pay issues and the issues were

12  resolved.

13  34.   At no time during that phone call did the Company's representative raise any

14  issues regarding Plaintiff's medical leave or other requests for information.

15  35.   Thereafter, on or about June 15, 2019 Plaintiff received an email from Hailey

16  Fletcher, stating:

17  *I hope all is well. Since we failed to get a response from you to my*

18  *email below [referring to the May 25, 2018 email] or to my phone*

19
    *message left on June 1, 2018 we will need to terminate your*
20
    *extended medical leave and your employment effective June 9, 2018.*
21
22  *We wish you the best in all of your future endeavors.*

23  36.   Plaintiff did not get any phone message from Ms. Fecher.

24  37.   Plaintiff, who was recovering from surgery, did not see the emails until

25  approximately June 20th

26  38.   Interestingly, Ms. Fecher's notice coincided with Plaintiff receiving a release to

27  return to work as of June 22, 2018.

28  39.   Upon information and belief, Janus discriminated against and unlawfully

1  terminated Plaintiff due to his work-related temporary disability.

2      40.    During his medical leave, Plaintiff ensured that Janus had all necessary

3  documentation and information.

4      41.    Janus assured Plaintiff of his compliance and active status with the Company.

5      42.    Janus' unexpected notice of termination shortly thereafter due to a delay in

6  responding to an e-mail communication, which communication failed to indicate a penalty for

7  a delay, faintly disguises Janus' actual intention of terminating Plaintiff due to his temporary

8  disability.

9      43.    Upon information and belief, Defendant acted toward Plaintiff with an intent to

10  discriminate against him based on his disability in violation of Title VII and the ADA.

11      44.    Upon information and belief, Defendant acted toward Plaintiff with an intent to

12  retaliate against him based on filing a workers compensation claim in violation of public policy.

13                          **FIRST CAUSE OF ACTION**
           **(Discrimination Based on Disability in violation of State and Federal Statutes)**
14

15      45.    Plaintiff incorporates all of the allegations in the preceding paragraphs as

16  though fully set forth herein.

17      46.    Plaintiff is a member of the class of persons protected by state and federal

18  statutes prohibiting discrimination based on disability.

19      47.    At all relevant times, Plaintiff had a qualifying disability.

20      48.    Defendant as an employer is subject to Nevada and federal statutes prohibiting

21  discrimination, NRS 613.330 et. seq., Americans with Disabilities Act, 42 U.S.C. ch. 126 §

22  12101 et seq, Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation

23  to provide Plaintiff with reasonable accommodations for his disability.

24      49.    Defendant refused to take reasonably adequate steps to prevent discrimination

25  against Plaintiff by terminating him without a legitimate reason because he had a disability.

26      50.    No other similarly situated persons, not of Plaintiff's protected class were

27  subject to the same or substantially similar conduct.

28      51.    Plaintiff suffered adverse economic impact due to his termination.

52.     Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against him.

53.     Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, fatigue, anxiety and depression resulting from this unlawful discrimination by his employer.

54.     Plaintiff is entitled to be fully compensated for his emotional disturbance by being forced to endure this discrimination.

55.     Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover punitive damages for Defendant's intentional repeated violations of federal and state civil rights laws.

56.     Plaintiff suffered damages in an amount deemed sufficient by the jury.

57.     Plaintiff is entitled to an award of reasonable attorney's fees.

58.     Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of his disability.

59.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

**SECOND CAUSE OF ACTION**
**(Retaliatory Discharge in Violation of Public Policy)**

60.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

61.     On or about June 9, 2018, Janus wrongfully terminated Plaintiff in retaliation for being injured on the job and for filing a valid Workers Compensation claim, and thus, exercising his rights under the Nevada Industrial Insurance Act.

62.     Nevada's workmen's compensation laws reflect a strong public policy favoring economic security for employees injured while in the course of their employment.

63.     Termination of Plaintiff's employment was a violation of this strong public

policy.

64.     Plaintiff suffered mental and emotional distress as a direct and proximate result of Defendant's actions.

65.     Plaintiff has suffered and will continue to suffer lost wages as a direct and proximate result of the actions of the Defendant.

66.     Defendant's actions were the actual and proximate cause of the Plaintiff's damages.

67.     Defendant's actions were willful, malicious, oppressive and calculated to discourage Plaintiff and other of Defendant's employees from pursuing their rights under Nevada law.  Defendant should be subjected to punitive and exemplary damages to deter future conduct of this sort.

68.     Plaintiff has been damaged and suffered damages in excess of $20,000.00 due to Defendant's wrongful conduct.

69.     Plaintiff had to engage in the services of attorneys for representation in this matter and is entitled to an award of reasonable attorney's fees.

## THIRD CAUSE OF ACTION
### (Violation of the American with Disabilities Act)

70.     Plaintiff hereby repleads, re-alleges and incorporates by reference each previous allegation contained in the paragraphs above, as though fully set forth herein.

71.     The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

72.     Because Plaintiff's disability limited at least one of Plaintiff's major life activities, Plaintiff is an individual with a disability under the ADA.

73.     Plaintiff was fully qualified to be a Security Officer Level Four (4) and could perform the essential functions of the position.

74. Defendant is a covered employer to which the ADA applies.

75. Defendant discriminated against Plaintiff's employment because of his disability.

76. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

**WHEREFORE,** Plaintiff prays this court for:

    a. A jury trial on all appropriate claims;

moreover, to enter judgment in favor of the Plaintiff by:

    b. Awarding Plaintiff an amount sufficient to fully compensate her (including tax consequences) for all economic losses of any kind, and otherwise make him whole in accordance with Title VII and the ADA;

    c. For damages sustained by Plaintiff in an amount that exceeds $20,000.00;

    d. General damages;

    e. Special damages;

    f. An award of compensatory and punitive damages to be determined at trial;

    g. Pre and post-judgment interest;

    h. An award of attorney's fees and costs; and

    i. Any other relief the court deems just and proper.

Dated this 19th Day of September, 2019.

**HKM EMPLOYMENT ATTORNEYS, LLP**

*/s/ Jenny L. Foley*
**JENNY L. FOLEY, Ph.D., Esq.**
Nevada Bar No. 9017
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 577-3029
Fax: (702) 625-3893
E-mail: jfoley@hkm.com
*Attorney for Plaintiff*